# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No. 3:11-00035 |
| ) | Judge Trauger |
| STEVE HULEN CONSTRUCTION, LLC, ) | JURY DEMAND |
| G. STEVE HULEN, AND JANICE HULEN, ) | |
| ) | |
|     Defendants/Counter-Plaintiffs. ) | |

## INITIAL CASE MANAGEMENT ORDER

**A.** **JURISDICTION**. Jurisdiction to adjudicate this matter is vested in the court pursuant to 28 U.S.C. § 1332.

**B.** **BRIEF THEORIES OF THE PARTIES**.

    1. Plaintiff/Counter-Defendant:

This is an action to collect the outstanding balance of loans from Fifth Third Bank ("Fifth Third") to Steve Hulen Construction Company, LLC ("Hulen Construction") in the original aggregate principal amount of $1,529,520.00. Payment of the loans is guaranteed by Defendants G. Steve Hulen and Janice Hulen (the "Hulens," and together with Hulen Construction, "Counter-Plaintiffs"). The loans were secured by deeds of trust covering properties located in Williamson County, Tennessee. After Counter-Plaintiffs defaulted under the loans, the collateral properties were sold at foreclosure on June 21, 2010. After the application of the net proceeds of the sales to the indebtedness due and owing, Hulen Construction had a remaining obligation to Fifth Third in the aggregate amount of $283,408.66 as of June 21, 2010 (the "Deficiency"). Counter-Plaintiffs are jointly and severally obligated to pay to Fifth Third the entire amount outstanding under the loans, including but not limited to the Deficiency plus post-foreclosure interest, attorney fees, court costs, and expenses, all of which continue to accrue.

In response to the Complaint, Counter-Plaintiffs filed a Counterclaim against Fifth Third. In the Counterclaim, Counter-Plaintiffs claim that they are not obligated to repay their debt because of alleged "over reaching" and "fraudulent conduct" by Fifth Third. These claims are barred by the clear and unambiguous terms of a forbearance agreement between Fifth Third and Counter-Plaintiffs executed on January 28, 2010 (the "Forbearance Agreement"). In the Forbearance Agreement, Counter-Plaintiffs admitted the debt, waived and released all claims against Fifth Third, and acknowledged that Fifth Third had no obligation to forbear in any respect except as expressly stated in the Forbearance Agreement. In exchange, Fifth Third agreed to forbear on certain terms and conditions set forth in the Forbearance Agreement. Having obtained the benefit of Fifth Third's forbearance, Counter-Plaintiffs now seek to avoid the portions of the Forbearance Agreement that they do not like. Despite the clear terms of the Forbearance Agreement, Counter-Plaintiffs now allege that they do have claims against Fifth Third and that they were "fraudulently induced" to enter into the Forbearance Agreement based upon a promise of future forbearance. This claim fails because Tennessee law is well settled that a fraudulent inducement claim cannot be premised on statements regarding matters that are clearly addressed in a written agreement. Moreover, even if Counter-Plaintiffs could establish that they were "duped" into entering into the Forbearance Agreement, their remaining claims fail to state any claim for relief. Accordingly, prior to the case management conference, Fifth Third intends to file a motion to dismiss the Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).

2. Defendants/Counter-Plaintiffs:

Steve Hulen Construction, LLC, G. Steven Hulen and Janice Hulen (collectively, "the Hulens") are long-standing, well-respected members of the Williamson County construction industry. In 2005, Fifth Third Bank solicited their business as borrowers and clients of the bank, and in response to that solicitation, the Hulens decided to utilize the bank to finance a number of their construction projects, four of which are at issue in this lawsuit.

Initially, the Hulens' relationship with the bank went quite well, but when the mortgage crisis began in the Fall of 2008, Fifth Third Bank began bullying and misleading the Hulens into onerous obligations that would eventually deplete their finances and force them towards default. Specifically, the bank hurried the Hulens into multiple renegotiations of their loans at drastically increased interest rates on take-it-or-leave-it terms. Fifth Third Bank would place a demand in front of the Hulens, insist that it was the only terms the bank could offer, promise that foreclosure would result if they did not accept, and then provide them with an immediate, day-to-day deadline to sign the agreement. These tactics cornered the Hulens into accepting numerous, unfavorable terms with the bank, and by May 2009, the Hulens were making monthly payments that were nearly three times what they had been before. Fifth Third Bank continued in this course of conduct even though the Hulens had been fully cooperative clients of the bank and were current on all their obligations.

As a result of Fifth Third Bank's continually increasing demands, the Hulens could no longer stay current on their loans as of September 2009, and the bank considered them to be in default. Just before then, their loans were transferred to the bank's Special Assets Group and fell under the supervision of Tom Caroll.

Mr. Carroll proved to be a manipulative, insensitive, rude and unprofessional man with whom to work. Indeed, despite the Hulens' continued attempts to satisfy their obligations, Mr. Carroll seemed to take delight in their financial difficulties. At one meeting in particular, Mr. Carroll pointed his finger at the Hulens in a gun-like gesture and said bluntly, "Bang! Bang! You're dead." He also made repeated threats about making life difficult for the Hulens if they did not comply with his demands.

In December 2009, Mr. Carroll manipulated the Hulens into signing a Forbearance Agreement with Fifth Third Bank. Under that agreement, the bank would delay foreclosure of the Hulens' properties until May 1, 2010, as long as they agreed to pay the bank nearly $20,000 and also agreed to apply an increased interest rate on all of their obligations. To obtain that

agreement, Mr. Carroll promised the Hulens that he would work with them to provide a subsequent forbearance if they were not able to sell the properties before May 1st.

Mr. Carroll made that promise, however, with no intention to keep it. When late April came around and the Hulens inquired about another forbearance, Mr. Carroll outright refused to provide one, absent the Hulens' agreement to a new and unreasonable commitment to the bank, roughly equal to $550,000.

Mr. Carroll made this refusal after seizing over $1.2 million of proceeds from a sale of one of the Hulens' properties in January 2010. That property was not originally included in the Forbearance Agreement, so all of its proceeds were not supposed to go to the bank. Once Fifth Third Bank seized those proceeds, however, the Hulens became current on all of their obligations. Even so, the bank still refused to cooperate with them to provide a second forbearance and foreclosed on their properties shortly after May 1, 2010.

Fifth Third Bank's refusal to work with the Hulens as Mr. Carroll had promised constitutes fraud in the inducement, a breach of the duty of good faith and fair dealing, and also violates the Tennessee Consumer Protection Act. It also affects the Hulens' liability to Fifth Third Bank, and reduces the bank's potential recovery, for the Deficiency alleged in the Complaint.

In addition to the bank's fraudulent conduct, Fifth Third Bank also intentionally disclosed the Hulens' confidential financial information to a member of the Williamson County banking community. It did so by revealing various details about the Hulens' predicament with the bank and other private information concerning their finances. Fifth Third Bank made this disclosure without authorization, and with the specific intent to damage the Hulens' professional reputation and ability to obtain financing in Williamson County. This disclosure violates the Tennessee Financial Records Privacy Act, constitutes a tortious invasion of the Hulens' privacy, and was also an intentional interference with the Hulens' business relationships.

The Hulens are entitled to recover damages from Fifth Third Bank for its various unlawful conduct in an amount to be proven at trial, including punitive and treble damages, as well as costs and reasonable attorneys' fees.

**C. ISSUES RESOLVED.** The parties do not dispute this Court's jurisdiction in regards to diversity and that venue is proper in this judicial district.

**D. ISSUES STILL IN DISPUTE.** All other matters are disputed, including liability and damages and Counter-Plaintiffs' right to a jury trial.

**E. INITIAL DISCLOSURES.** The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before May 13, 2011.

**F. DISCOVERY.** By the time of the case management conference, Plaintiff will have filed a motion to dismiss Counter-Plaintiffs' counterclaim. Because the resolution of the motion to dismiss will substantially affect the time necessary for discovery, the parties agree that discovery will not commence until after the court rules on the motion to dismiss, or June 15, 2011, whichever date comes first.

Thereafter, the parties shall complete all written discovery and depose all fact witnesses on or before October 25, 2011. Discovery-related motions are due on or before November 2, 2011. Requests to admit shall be served no later than ninety (90) days before trial. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND.** The parties shall file all Motions to Amend on or before September 2, 2011, except as otherwise permitted by Fed. R. Civ. P. 15.

**H. DISCLOSURE OF EXPERTS.** Plaintiff and Counter-Plaintiffs shall identify and disclose all expert witnesses and expert reports in support of their respective claims on or before September 14, 2011. Each Defendant and Counter-Defendant shall identify and disclose its rebuttal expert witnesses and reports on or before October 14, 2011.

**I. DEPOSITIONS OF EXPERT WITNESSES.** The parties shall depose all expert witnesses on or before December 16, 2011.

**J. JOINT MEDIATION REPORT.** The parties shall file a joint mediation report on or before November 9, 2011.

**K. DISPOSITIVE MOTIONS.** The parties shall file all dispositive motions on or before December 29, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed twenty (20) pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L. ELECTRONIC DISCOVERY.** The parties have reviewed and agree to the procedure for discovery of electronically stored information under Administrative Order No. 174.

**M. ESTIMATED TRIAL TIME.** The parties expect the trial on Plaintiff's claim to last approximately one (1) day. The parties expect that trial on Counter-Plaintiffs' claims could last from three (3) to five (5) days.

It is **SO ORDERED**.

_____
**ALETA A. TRAUGER, U.S. District Judge**

**APPROVED FOR ENTRY:**

s/Allison A. Wiemer
Garry K. Grooms (Sup. Ct. No. 12647)
Allison A. Wiemer (Sup. Ct. No. 27623)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN  37219-2490
(615) 244-5200      Fax:  (615) 742-0732
allison.wiemer@stites.com
garry.grooms@stites.com

*Counsel for Plaintiff/Counter-Defendant Fifth Third Bank*


s/Michael R. Ewing
Robert J. Mendes (Sup. Ct. No. 17120)
Michael R. Ewing (Sup. Ct. No. 27215)
MGLAW, PLLC
2525 West End Avenue, Suite 1475
Nashville, Tennessee 37203
(615) 846-8000      Fax: (615) 846-9000
rjm@mglaw.com

*Counsel for Defendants/Counter-Plaintiffs*
*Steve Hulen Construction, LLC,*
*G. Steve Hulen, and Janice Hulen*